As I read chapter 107 of the Laws of 1921, it seems to bespeak a legislative purpose to offer to pupils ready for a high school course, which is not available in the districts where they reside, an opportunity to obtain high school advantages at the expense of their own districts and without the burden of an added tuition charge, provided they can find facilities available. The title of the act indicates a plan to require standardized high schools receiving state aid to receive such pupils at the stated tuition fee payable by their districts, but there is nothing in the act which purports to impose the burden upon the schools which receive state aid, and it is, of course, open to serious question whether the legislature may impose upon the taxpayers of a district the duty of furnishing high school facilities for nonresident pupils at a loss. In view, however, of the apparent purpose to furnish nonresident pupils high school advantages without cost to themselves but to their local districts, where a school may be found with facilities for furnishing instruction, I doubt the correctness of a construction of chapter 107 which permits the school board to provide additional facilities by private subscription or by an added tuition and to limit the enjoyment of those facilities to the subscribers or to those willing and able to pay the added tuition. Such a practice, in my opinion, militates against that equality of advantage which is the apparent purpose of chapter 107 of the Laws of 1921. Furthermore, it may produce unequal results from the standpoint of the district in which pupils reside who desire to take advantage of high school facilities not to be had locally, in that, while the district is equally obligated to pay the tuition charge in favor of each pupil desiring to take advantage of nonresident high school privileges, it in fact may be called upon to pay the prescribed tuition only for those who are able to afford to pay a substantial amount in addition. Thus, a parent unable to afford the added charge may, nevertheless, as a taxpayer, be compelled *Page 245 
to contribute to the district tuition obligation, not for the equal benefit of all pupils in the district qualified to pursue high school work, but for those who are both qualified and able to meet the added charges. Of course, it is realized that no system can secure absolute equality of advantage. There is no way to make up for the varying degrees of inclination and ability, but in the matter of furnishing facilities results of the character indicated are to be avoided so far as possible in a system of free public schools.
While doubting the correctness of a construction of the statutes that permits any public school board to administer the school under its charge in the manner stated, after the fashion of private schools, I am not prepared to say that the legislature has so clearly defined the duty of school boards to make their added facilities equally available, regardless of the manner in which they have been enabled to furnish them, that they should be compelled to receive the pupils in question. I therefore concur in the affirmance of the judgment.